John J. Dillon, S.
This is an application to vacate a decree dated September 28, 1959, admitting the decedent’s will to probate. The moving parties are three daughters of the testator, all of whom (together with their brother who does not join in the present application) executed a waiver of citation on September 3,1959. It is claimed that the waiver was executed as the result of false representations concerning the contents of the will, made by the attorney for the proponent, accompanied by threats of coercive action if the waiver were not signed. The court directed a hearing to determine the validity of these allegations.
The proof is wholly insufficient to sustain the claims of the moving parties. All three of them are adult and reasonably well educated. It is incredible that they would have signed and acknowledged the waiver without having read it or made inquiry about its nature and effect. The attorney who is charged with fraud has been a member of the Bar in good standing for upwards of 30 years. He has held local judicial office and for nearly all of his professional life has been a teacher of law at a large university. He had drawn the decedent’s will and retained the original in his possession. He is not mentioned in the will except as a substitute executor. He had no apparent motive for misrepresenting anything to the testator’s daughters. The proof shows that two days after their father’s death, and oh the day preceding his burial, the three daughters called at the attorney’s office; that the visit was made without any prior appointment; and that the attorney showed the visitors their father’s will, read a portion of it and explained the balance. In effect, the testator had given a life estate to his widow (stepmother of the moving parties), with the residue passing upon her death to the four children. It may be that the daughters did not fully understand the meaning or effect of such a provision, but there is no credible proof that they were deceived. They claim to have been forced to sign the waiver by a threat on the part of the attorney that unless they signed he would have the court issue a “writ” against them. The attorney’s testimony is that he told the moving parties that if they did not sign the waiver he would have a citation issued. Only the latter *385 version of the conversation is intelligent and believable. The haste displayed in having the waiver signed before the testator’s funeral is not to be attributed to the attorney. It is plain that the meeting was not of his seeking, and that it was the moving parties themselves who requested an early execution of the necessary documents in order that one of them might return promptly to her home in Virginia. On all the evidence the court finds that there was no fraud or misrepresentation in connection with the execution of the waiver of citation.
It has been urged that, apart from any alleged misrepresentation, the probate decree should be vacated if the court is satisfied that the waiver was signed as the result of mistake. Under the circumstances of this case, such a suggestion cannot be entertained. The motion is denied. Submit order.